**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

CHRISTOPHER RICHARD JORSCH                                        PLAINTIFF
#554023

v.                                        4:21-cv-00065-BRW-JJV

FAULKNER COUNTY DETENTION CENTER; and
PAIGE, Sergeant, Unit 1                                        DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy

Roy Wilson. Any party may serve and file written objections to this recommendation. Objections

should be specific and include the factual or legal basis for the objection.    If the objection is to a

factual finding, specifically identify that finding and the evidence that supports your objection.

Your objections must be received in the office of the United States District Court Clerk no later

than fourteen (14) days from the date of this recommendation.    Failure to file timely objections

may result in a waiver of the right to appeal questions of fact.    Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.      INTRODUCTION**

Christopher Richard Jorsch ("Plaintiff") is a pretrial detainee at the Central Arkansas

Community Correction Center. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983,

alleging Defendants violated his constitutional rights while he was in the Faulkner County

1

Detention Center ("FCDC").    (Doc. 2.)

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.    28 U.S.C. § 1915A(a).    The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).    "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.*    But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly,* 550 U.S. at 556.    The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.    Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges,

or immunities secured by the Constitution and laws" of the United States.   42 U.S.C. § 1983

(1996).   Section 1983 itself "creates no substantive rights; it merely provides remedies for

deprivation of rights established elsewhere."   *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816

(1985) (citations omitted).   In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged violation was committed by a person acting under the

color of state law.   *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff alleges that, on August 26, 2020, he slipped and fell at the FCDC, causing injuries

to his back, because there were no signs warning the floor was wet.    (Doc. 2.) He has named the

FCDC and Sergeant Paige as Defendants, with the latter being sued in his official capacity only.

(*Id*.)   The only relief sought is damages. For the following reasons, I conclude Plaintiff has failed

to plead a plausible claim upon which relief may be granted.

First and foremost, a § 1983 action must be based on a violation of the United States

Constitution or a federal statute.    42 U.S.C. § 1983; *Henley v. Brown*, 686 F.3d 634, 640 (8th Cir.

2012).   Plaintiff's claim that he slipped and fell because there were no wet floor signs, at most,

alleges a state law cause of action for negligence.    Merely negligent conduct cannot support a §

1983 cause of action. *Stearns v. Inmate Servs. Corp.*, 957 F.3d 902, 910 n. 5 (8th Cir. 2020); *see*

*also Davis v. Dorsey,* 167 F.3d 411, 412 (8th Cir. 1999) (pretrial detainee's fall in jail shower after

defendants had ignored complaints of standing water amounts to no more than negligence); *Walker*

*v. Reed,* 104 F.3d 156, 157-58 (8th Cir. 1997) (slip and fall in water on the bathroom floor at the

Cummins Unit is a claim of negligence which is not actionable under the Fourteenth or Eighth

Amendment). Thus, Plaintiff has failed to plead a plausible § 1983 claim.

Second, it is well settled that detention centers are not proper Defendants in a § 1983 action. *See Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003);*Williams v. Pulaski Cnty. Det. Facility*, Case No. 07-3851, 2008 WL 2079104 (8th Cir. May 19, 2008) (unpublished opinion). Thus, Plaintiff has not pled a plausible § 1983 claim against Defendant FCDC.

Finally, Plaintiff's claim against Defendant Paige, in his official capacity only, "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Faulkner County cannot be held vicariously liable for the actions of its employees in a § 1983 lawsuit. *See Id.* Instead, Faulkner County can only be held liable if the constitutional violation resulted from "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such allegations, Plaintiff has not pled a plausible claim against Defendant Paige.

## IV.　CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.　　The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.　　Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

DATED this 1st day of February 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE